**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In Re: DAWN M. LYNCH,<br><br>Debtor.<br><br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP., COLLATERALIZED ASSET- BACKED BONDS, SERIES 2004-7,<br><br>Movant,<br><br>and<br><br>DAWN M. LYNCH,<br><br>Debtor. | Chapter 13<br>Case No. 18-10314-BLS<br><br><br><br><br><br><br><br><br><br><br><br>Objections due: October 22, 2018 @ 04:00 p.m.<br>Hearing Date: October 30, 2018 @ 10:00a.m. |

**MOTION OF DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP., COLLATERALIZED ASSET- BACKED BONDS, SERIES 2004-7 FOR RELIEF FROM AUTOMATIC STAY AND REQUEST FOR ADEQUATE PROTECTION**

Deutsche Bank National Trust Company, as Indenture Trustee under the Indenture Relating to IMH Assets Corp., Collateralized Asset- Backed Bonds, Series 2004-7 ("Movant"), by and through its undersigned counsel, hereby moves this Court pursuant to 11 U.S.C. § 362(d) and Fed. R. Bankr. P. 9014, for an order terminating the automatic stay of 11 U.S.C. § 362 (the "Motion"), to allow Movant and any subsequent holders of the loan and/or mortgage documents evidencing Movant's claim and security interest in certain real property in which the above-captioned Debtor (the "Debtor"), claims an interest, to exercise all rights and remedies as a secured creditor of the Debtor with respect to such real property including, without limitation, foreclosing on the mortgage against the property. In support of this Motion, Movant respectfully represents as follows:

**SUMMARY**

1. This is a motion for relief from the automatic stay regarding a mortgage on real property. The Movant's records reflect that the Debtor filed her Chapter 13 petition on February 13, 2018. The Debtor is delinquent in 3 post-petition payments for the months of June, 2018 through August, 2018.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction of this Motion pursuant to 28 U.S.C. § 1334(b). This Motion is a contested matter under Rule 9014 of the Federal Rules of Bankruptcy Procedure and is a core matter properly heard by this Court pursuant to 28 U.S.C. § 157(b)(2)(G). Venue of this Motion is proper before this Court pursuant to 28 U.S.C. § 1409(a). The statutory predicate for the relief requested herein is section 362 of the Bankruptcy Code.

**BACKGROUND**

3. This is the Debtor's first bankruptcy case and this is Movant's first motion for relief sought in this case.

4. Movant is a secured creditor of the Debtor as evidenced by a certain note (the "Note"), in the principal amount of $124,000.00, executed on June 17, 2004. Pursuant to the Note, the Debtor is currently required to make monthly payments in the amount of $444.44.

5. Ocwen Loan Servicing, LLC services the underlying mortgage loan and note for the property referenced in this Motion for: Deutsche Bank National Trust Company, as Indenture Trustee under the Indenture Relating to IMH Assets Corp., Collateralized Asset- Backed Bonds, Series 2004-7 (hereinafter, "noteholder") and is entitled to proceed accordingly. Should the Automatic Stay be lifted and/or set aside by Order of this Court or if this case is dismissed or if the Debtor obtains a discharge and a foreclosure action is commenced or recommenced, said foreclosure action will be conducted in the name of the noteholder. The noteholder has the right to foreclose because Noteholder is the original mortgagee or beneficiary or assignee of the security instrument for the referenced loan. Noteholder

directly or through an agent has possession of the promissory note and the promissory note is either made payable to Noteholder or has been duly endorsed.

6. As of August 3, 2018, the total indebtedness owed on the Note and Mortgage is $136,539.20. The Debtor's indebtedness and obligation as evidenced by the Note is secured by a valid and perfected lien in and security interest against the real property located at and commonly known as 2 Violet Drive, Lincoln, Delaware 19960 (the "Property"). The lien against the Property, which secures the Debtor's obligations under the Note, was granted pursuant to the certain Mortgage dated on or about June 17, 2004 and executed and delivered by the Debtor on or about that date (the "Mortgage"). The loan was subsequently assigned Movant. The parties entered into a Loan Modification in 2010. See Loan Documents attached hereto as **Exhibit A.**

7. As of August 3, 2018, the Debtor is in default of the Note and Mortgage obligations to Movant as she has failed to make any of the Note and Mortgage payments that have come due for the months of June, 2018 through August, 2018. See Payment History attached as **Exhibit B**.

8. As of August 3, 2018, the amount of the post-petition arrears owed by the Debtor to Movant in connection with the Note and secured by the lien of the Mortgage is $1,333.32, representing delinquent payments for the months set forth above. See Declaration attached as **Exhibit C**.

9. Upon information and belief, the Debtor is current in County taxes.

10. Upon information and belief, Movant holds the first mortgage on the Property.

11. Upon information and belief, the fair market value of the property is $143,100.00. See Debtor's Schedule D to his petition, attached as **Exhibit D**. There is an additional lien held by SN Servicing Corporation in the amount of $48,650.00.

**MOVANT IS ENTITLED TO RELIEF FROM STAY**

12. Section 362(d) of the Bankruptcy Code provides, in relevant part, as follows:

(d) on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -

>> (1) for cause, including lack of adequate protection of an interest in property;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if –
>
>> (A) the debtor does not have equity in such property; and
>>
>> (B) such property is not necessary to an effective reorganization.
>> 11 U.S.C. § 362(d).

13. The Bankruptcy Code does not define "cause," and courts have held that this determination is to be made on a case-by-case basis. See In re Rexene Products Co., 141 B.R. 574 (Bankr. D. Del. 1992). As discussed below, ample "cause" exists to support Movant's request for relief from the automatic stay under section 362 of the Bankruptcy Code.

14. Section 362(d) provides that the court <u>shall</u> grant relief from the automatic stay for cause, including the lack of adequate protection. Therefore, relief is mandated if cause is shown. Moreover, when a creditor meets its initial burden on the issue of cause under section 362 by providing evidence of the debtor's failure to remit post-petition installment payments on a secured debt, the burden shifts to the debtor to show how the creditor is adequately protect. <u>In re Epic Capital Corp.</u>, 290 B.R. 514, 526 (Bankr. D. De. 2003); <u>In re Hinchliffe</u>, 164 B.R. 45, 48 (Bankr. E.D. Pa. 1994). If the debtor does not meet this burden, then the court should grant the creditor's request for relief. <u>Id.</u>

15. Cause exists under section 362(d)(1) of the Bankruptcy Code to terminate the automatic stay to allow Movant, and any and all subsequent holders of the Note and/or Mortgage, to take all actions necessary to exercise all rights and remedies against the Property as a secured creditor of the Debtor, including, without limitation, foreclosing on the Mortgage. The justifications are, <u>inter alia</u>, that Movant's interest in the Property is not and cannot be adequately protected during the further maintenance of the automatic stay in this case as a direct result of the Debtor's failure to remit timely payments to Movant.

**NOTICE**

16.     Notice of this Motion has been given to the Debtor, Debtor's counsel and the Chapter 13 Trustee in this case.  Movant submits that no other or further notice is necessary with respect to the Motion.

**WHEREFORE,** Deutsche Bank National Trust Company, as Indenture Trustee under the Indenture Relating to IMH Assets Corp., Collateralized Asset- Backed Bonds, Series 2004-7, respectfully requests that the Court enter an order: (i) granting relief from stay to allow it, and any and all subsequent holders of the Note and/or Mortgage, to exercise all rights and remedies against the Property as a secured creditor of the Debtor in accordance with the Mortgage and applicable law, including without limitation, foreclosing on the Mortgage,   (ii) allowing Movant $581.00 in attorneys' fees and costs ($181.00 filing fee and $400.00 attorneys' fees) and (iii) granting such other and further relief as it deems just and proper.

McCABE, WEISBERG & CONWAY, LLC

 */S/   Kristi J. Doughty*
Janet Z. Charlton, Esquire (No. 2797)
Chase N. Miller, Esquire (No. 5363)
Kristi J. Doughty, Esquire (No. 3826)
Michael K. Pak, Esquire (No. 5822)
1407 Foulk Road, Suite 204
Foulkstone Plaza
Wilmington, DE 19803
(302) 409-3520 [tel]
(855) 425-1980 [fax]
Attorney for Creditor

DATED: September 43, 2018